UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FLORENCIO MENDOZA JAVA, *individually
and on behalf of others similarly situated,*

                              *Plaintiff*,

      -against-

EL AGUILA BAR RESTAURANT CORP.
(d/b/a EL AGUILA), LAS BANDERAS
SPORTS BAR CATERING LOUNGE CORP.
(d/b/a LAS BANDERAS SPORTS BAR),
SANTIAGO ALMONTE, and JUAN
ALMONTE,

                              *Defendants.*
-------------------------------------------------------X

Docket No.: **16-cv-6691-AT-JLC**

## PLAINTIFF'S PRE-TRIAL MEMORANDUM OF LAW

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

Plaintiff Florencio Mendoza Java ("Plaintiff"), by his attorneys Michael Faillace & Associates, P.C., respectfully submits this pre-trial memorandum of law.

## PRELIMINARY STATEMENT

Plaintiff has a clear-cut entitlement to judgment in this action. He regularly worked above 40 hours per week, and at all times was paid at fixed salary rates that did not compensate him at the minimum wage and overtime rate for his hours worked each week. In this memorandum of law, Plaintiff sets out the method for calculating his damages given these violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by Defendants. Plaintiff will also be entitled to recover liquidated damages under the NYLL, at all times when such damages are available.

## ARGUMENT

### I.   PLAINTIFF IS ENTITLED TO BURDEN SHIFTING

Federal law requires employers to "make, keep, and preserve" records concerning the "wages, hours, and other conditions and practices of employment" and authorizes the Department of Labor to issue regulations to enforce these requirements. *See* 29 U.S.C. § 211. Under those regulations, employers are required to maintain payroll records for at least three years, and basic timekeeping and earnings records for at least two years. 29 C.F.R. §§ 516.5(a), 516.6(a). New York law likewise requires employers to keep and maintain detailed payroll records relating to their employees, and such records must be preserved for at least six years. The New York record-keeping law at 12 NYCRR §146-2.1(a) states in relevant part as follows:

> (a)   Every employer shall establish, maintain and preserve for at least six years weekly payroll records which shall show for each employee: (1) name and address; (2) social security number or other employee identification number; (3) occupational classification; (4) the number of hours worked daily and weekly, including the time of arrival and departure for each employee working a split shift or

> spread of hours exceeding 10; (5) regular and overtime hourly wage rates; (6) the amount of gross wages; (7) deductions from gross wages; (8) the amount of net wages; (9) tip credits, if any, claimed as part of the minimum wage; (10) meal and lodging credits, if any, claimed as part of wages; (11) money paid in cash; and (12) student classification.

See also 12 N.Y.C.R.R. §137-2.1 (effective until January 1, 2011).

Where an employer fails to keep records or fails to keep adequate records, the Supreme Court in *Anderson v. Mt. Clemens Pottery* Co., 328 U.S. 680, 687-88 (1946), has established a burden-shifting approach. New York law imposes similar burden-shifting where an employer fails to keep the required records. NYLL §196-a. In fact, NY law requires complete burden shifting. The Supreme Court in *Anderson* stated in relevant part as follows:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes … we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

In terms of Plaintiff's prima facie burden, this burden is minimal and is easily met. Here, Plaintiff may satisfy this burden solely based on his own recollection. *See Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005).

## II. PLAINTIFF'S DAMAGES

The evidence at trial will show that it is clear that Plaintiff was not paid on an hourly basis, but rather received a fixed daily salary that did not vary based on the hours he worked. We set out the calculation method for damages in this case.

The Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146, effective January 1, 2011, governs how an employee in the hospitality industry's overtime damages are calculated. The Hospitality Industry Wage Order applies in this case. The term hospitality industry includes any restaurant. 12 N.Y.C.R.R. §146-3.1(a). As used in the Hospitality Industry Wage Order:

> The term restaurant includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto. The term restaurant includes but is not limited to restaurant operations of other types of establishments, restaurant concessions in any establishment and concessions in restaurants.

12 N.Y.C.R.R. §146-3.1(b). El Aguila and Los Banderas Sports Bar are, by this and any other common definition, restaurants. (Joint Stipulation of Fact No. 5) Accordingly, the Hospitality Industry Wage Order applies.

Under the Hospitality Industry Wage Order, "an employer shall pay an employee for overtime at a wage rate of one and a half times the employee's regular rate for hours worked in excess of 40 hours in one workweek. 12 N.Y.C.R.R. §146-1.4.

When an employee at a restaurant is not paid an hourly rate of pay, "the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. § 146-3.5.

Accordingly, if Plaintiff proves at trial that he was not paid an hourly rate of pay, but rather was paid on another basis, his regular rate of pay should be determined by dividing his weekly wages by 40 hours. The overtime rate shall then be determined by multiplying the regular rate by 1.5, and the unpaid overtime pay is determined by multiplying the overtime rate by the number of hours above 40 Plaintiff worked in the week.

3

Under the FLSA there is a rebuttable presumption that the salary is intended to cover 40 hours per week. Therefore, under the FLSA the regular rate should be determined by dividing the weekly salary rate by 40 hours, rather than by the number of hours actually worked, unless the parties intend and understand the weekly salary to include overtime hours at the premium rate. *Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 54066, *6-*7 (S.D.N.Y. April 24, 2015); *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014), *report and recommendation adopted sub nom. Guallpa v. NY Pro Signs Inc.*, No. 11-cv-3133 (LGS), 2014 U.S. Dist. LEXIS 116671, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

*Guallpa* is instructive. There, the plaintiff conceded that he entered into an agreement with his employer whereby the employer would pay him wages that would cover a sixty hour work week for one period, and a fifty-four hour work week for another period. *Guallpa*, 2014 U.S. Dist. LEXIS 77033, *9. However, the express agreement that the salary was intended to cover 60 or 54 hours per week did not rebut the presumption that the weekly salary covered only forty hours of work, because the agreement failed to comply with the FLSA and NYLL overtime pay requirements. *Id.*, *11-12. Therefore, the Court presumed that the weekly salary covered only forty hours per week, and calculated the plaintiff's regular rate (and therefore the overtime damages owed) by dividing the plaintiff's weekly salary by 40 hours. *Id.* at *12-*14.

Here, there is no basis to find that the Plaintiff and Defendants had an agreement or understanding as to the hours Plaintiff's weekly salaries were intended to cover. *See Perez*, 2015

U.S. Dist. LEXIS 54066, at *7.  Even if Defendants claim that they had an agreement with Plaintiff whereby his weekly salary would cover all hours worked, such an agreement would not rebut the presumption that the weekly pay was intended to cover 40 hours per week.  As in *Guallpa*, the Court should not allow a supposed agreement regarding pay to rebut the presumption that a weekly salary is intended to cover forty hours of work per week, if that hypothetical agreement would not comply with the overtime provisions of the FLSA.  *See Guallpa*, 2014 U.S. Dist. LEXIS 77033, *11-*12.  Plaintiff was not paid sufficiently to comply with the overtime provisions of the FLSA

### III.    PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES UNDER NEW YORK LAW

Plaintiff is entitled to recover liquidated damages under the FLSA or New York law.  Both the FLSA and New York Labor Law provide for an award of liquidated damages unless the Defendants prove their violations were made in good faith.  Because Defendants will not be able to prove their violations were in good faith, Plaintiff is entitled to liquidated damages.

Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA."  *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008).  The employer must establish its subject

5

good faith and objective reasonableness by "plain and substantial evidence." *Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman*, 172 F.3d at 142). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.* (quoting *Barfield*, 537 F.3d at 150.

Similarly, under the New York Labor Law, an employee is entitled to recover liquidated damages unless the employer proves a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret*, 967 F.Supp.2d 901, 937 (S.D.N.Y. 2013). The amount of liquidated damages for unpaid wages under the New York Labor Law is 100%. N.Y. Lab. Law § 198(1-a).

Accordingly, Plaintiff is entitled to recover liquidated damages under the NYLL.

## **CONCLUSION**

Wherefore, it is respectfully requested that Plaintiff be granted judgment against Defendants, as set out in Plaintiff's proposed findings of fact and conclusions of law submitted herewith.

Dated: New York, NY
January 4, 2018

                                                MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                      *Attorneys for Plaintiff*

                                                      By: ___/s/ *Sara Isaacson*___
                                                      Sara Isaacson, Esq.
                                                      60 East 42nd Street, Suite 4510
                                                      New York, New York 10165
                                                      (212) 317-1200
                                                      sisaacson@faillacelaw.com