UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLORENCIO MENDOZA JAVA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    - against-<br><br>EL AGUILA BAR RESTAURANT CORP. d/b/a EL AGUILA, LAS BANDERAS SPORTS BAR CATERING LOUNGE CORP., d/b/a LAS BANDERAS SPORTS BAR, SANTIAGO ALMONTE and JUAN ALMONTE,<br><br>      Defendants. | Case No. 16-CV-06691 (AT)(JLC)<br><br><br>**PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW** |

  EL AGUILA BAR RESTAURANT CORP. d/b/a EL AGUILA ("El Aguila") and JUAN ALMONTE ("Almonte") (collectively "Appearing Defendants") by their undersigned counsel, hereby submit to the Court the following proposed findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Defendant El Aguila was a Corporation which operated in the Bronx.

2. Defendant El Aguila was a restaurant/bar.

3. Defendant El Aguila's gross revenue during the relevant time period was in excess of $500,000 per year.

4. Defendant Juan Almonte is the former owner of Defendant El Aguila.

5. Santiago Almonte is the former manager of Defendant El Aguila.

6. Defendant El Aguila has been closed since August 2, 2016.

7. Appearing Defendants employed plaintiff off and on from 2008 through July 26, 2016. Plaintiff voluntarily left employment with Appearing Defendants and found another job. He subsequently applied for and received his old job back.

8. Plaintiff's job duties required him to clean the restaurant, accept deliveries, wash dishes and on occasion deliver food to customers.

9. From approximately August 2010 until July 2012 Plaintiff worked five days a week from 8:30 AM until approximately 4:00 PM.

10. Plaintiff received no less than $300.00 per week in cash for the work that he performed.

11. From approximately July 2012 through December 2015, Plaintiff worked 5 days a week.

12. During four (4) of those days, plaintiff worked from approximately 8:30 AM until 4:00 PM. On the weekends he would begin working on Saturday at 8:00 PM and finish working at 4:00 AM on Sunday.

13. Plaintiff only worked 40 hours per week.

14. Plaintiff continued to receive no less than $300 per week in cash for the work that he performed for the time period July 2012 through approximately August 1, 2014.

15. On or about August 2, 2014 through December 2015, Plaintiff received no less than $360 in cash for the work that he performed.

16. For the time period November 4, 2015 through July 26, 2016, a paycheck in the gross amount of $262.50 was issued by ADP, and no less than $95.00 in cash for a weekly total of no less than $360.00.

17. Plaintiff did not work overtime.

18. No employee for Appearing Defendants worked overtime.

19. Plaintiff took beers from the refrigerator and drank them while he should have been working.

20. Plaintiff disappeared for hours at a time and spent at least two hours per day visiting his girlfriend.

21. Plaintiff was sent home at least eight times due to being too intoxicated to work.

22. Plaintiff received a paycheck from ADP because he finally complied with defendants' request to provide them with an individual taxpayer identification number so that he could be put on the books and receive a paycheck.

23. Plaintiff received tips from his food deliveries for Defendant employer.

24. None of the named Defendants played a role in administering the tips of the received.

25. Defendants required of all employees to sign in and out at work.

26. Plaintiff refused to sign in and out.

27. After Plaintiff finished work, he would stay at Defendant El Aguila and drink beer at the bar.

28. The appearing Defendants believed that they complied with the law with their payment practices in that they paid at least the minimum wage.

29. To ensure compliance with the wage and hour laws, Appearing Defendants consulted with their accountants, payroll company, and the New York State Department of Labor.

30. Appearing Defendants posted by the bar, a minimum wage notice so all employees could see it.

31. Over the years, the minimum wage notice was provided by Defendant El Aguila's accountant, Department of Labor or payroll company.

32. The amount of money that Plaintiff received was based on advice Appearing Defendants received from their accountant, Department of Labor or payroll company.

## CONCLUSIONS OF LAW

**FAILURE TO PAY MINIMUM WAGE UNDER THE FSLA AND NYLL**

Minimum wage is regulated by statute. The federal minimum wage is $7.25 per hour. See FLSA § 206(a)(1). The New York State minimum changed between 2010 and 2016. It was a follow:

| Time Period Start | Time Period End | |
|---|---|---|
| August 25, 2010 | December 30, 2013 | $ 7.25 |
| December 31, 2013 | December 12, 2014 | $ 8.00 |
| December 13, 2014 | December 30, 2015 | $ 8.75 |
| December 31, 2015 | July 26, 2016 | $ 9.00 |

See 12 NYCRR §146-1.2 (Effective December 31, 2013).

In this case, Appearing Defendants contend that Plaintiff never worked more than 40 hours per week during the relevant time period. He worked 5 days per week. The Appearing Defendants ensured that no one worked overtime hours. All payroll decisions were based on advice from their accountants, consultations with New York State Department of Labor personnel and their payroll companies to help ensure compliance with the law.

Wages earned by Plaintiff can be summarized in the chart below:

**Defendants' NYLL Calculations**

| Time Period Start | Time Period End | No. of Weeks | Rate of Pay | Hours Worked Per Week | Weekly Straight Time Pay Earned | <u>Amount Actually Paid</u> | Weekly Underpay-ment |
|---|---|---|---|---|---|---|---|
| 8/25/2010 | 12/30/2013 | 174.71 | $7.25 | 40.00 | $290.00 | 300.00 | 0.00 |
| 12/31/2013 | 8/2/2014 | 30.57 | $8.00 | 40.00 | $320.00 | 360.00 | 0.00 |
| 8/3/2014 | 12/30/2014 | 21.29 | $8.00 | 40.00 | $320.00 | 360.00 | 0.00 |
| 12/31/2014 | 12/30/2015 | 52.00 | $8.75 | 40.00 | $350.00 | 360.00 | 0.00 |
| 12/31/2015 | 7/12/2016 | 27.71 | $9.00 | 40.00 | $360.00 | 360.00 | 0.00 |

Please note that the chart provides the calculation for the New York Labor Law. At all times, Plaintiff was paid more than the federal minimum wage of $7.25 per hour.

If the Court determines that any underpayments occurred, then the Appearing Defendants request that the Court determine that any underpayment occurred based on a good faith belief by the Appearing Defendants that they had complied with the law. "If the employer shows to the satisfaction of the court that any acts or omissions giving rise to this action were in good faith and that the employer had reasonable ground for believing that the employer's acts or omission were not violations of the FLSA, then the court may, in its sound discretion, award no liquidated damages or award any amount not to exceed the amount of unpaid wages and overtime." FLSA

§260.  "Unless the employer proves a good faith basis to believe that any underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."  NYLL §198(1-a).

A finding of good faith is required to avoid an award of liquidated damages.  To establish "good faith," a defendant must produce "plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." Brock v. Wilamowsky, 833 F.2d 11, 19 (2nd Cir. 1987).  It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them."  Id. If the defendant presents such proof, the court has discretion to deny or reduce the liquidated damages for all or any part of the relevant time period.  Brock v Wilamowsky, 833 F2d 11, 19 (2d Cir 1987).

Here, Juan Almonte consulted with his accountants, payroll companies and the New York State Department of Labor in order to ensure that he properly paid Plaintiff and all other employees.  Plaintiff was paid at or slightly above the minimum wage during his employment. Plaintiff's wages were adjusted from time to time and increased in order to comply with the minimum wage law.

**FAILURE TO PAY OVERTIME CLAIMS UNDER THE FSLA AND NYLL**

Under the FLSA, employees who work more than 40 hours per week must be compensated for each hour worked over 40 'at a rate not less than one and one-half times the regular rate at which he is employed.'" Young v. Cooper Cameron Corp., 586 F.3d 201, 204 (2d.

Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)). NYLL provides that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ the employee's regular rate for hours worked in excess of 40 hours in one workweek." 12 NYCRR § 146-1.4.  As NYLL employs similar standards and relies on the FLSA, such claims are often analyzed together. See <u>Reiseck v. Universal Commc'ns of Miami, Inc.</u>, 591 F.3d 101, 105 (2nd Cir. 2010).

Plaintiff did not work overtime. None of Appearing Defendants employees worked overtime. It was too expensive to allow employees to work overtime. It was more cost effective to higher employees to work extra hours as required.

**SPREAD OF HOURS**

The spread of hours is the length of the interval between the beginning and end of an employee's workday. 12 NYCRR §146-1.6. On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate. Id. at §146-1.6(a).

There is no spread of hours violation in this case. Plaintiff never worked more than 8 hours per day. His job required him to accept deliveries, clean the restaurant, wash dishes, and make deliveries during the day. It required nothing more. In short, Plaintiff made sure that the restaurant was open and ready to function during the evening. Plaintiff stayed in the restaurant after his shift ended and tended to frequently drink beer at the bar. However, drinking complimentary and relaxing after work is not work.

**NOTICE AND RECORDKEEPING REQUIREMENTS UNDER THE NYLL**

Appearing Defendants have not violated NYLL §195(1).  As of 2014, the employer is required to provide a new employee with information at the time of hiring about "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195 (2014).  The employer is required to maintain that document for six (6) years.  Id.

Appearing Defendants are in compliance with the law.  Plaintiff was hired in 2008, this lawsuit was filed in 2016, well after the duty to maintain the record expired in 2014.  Plaintiff does not have a duty to maintain the record.

Additionally, I believe that the version of NYLL §195 in effect in 2008 did not require that the records be kept for six years and quite possibly did not have any time limitations.  I have not found an exact copy of the statute, but cases citing the statute state that the version of NYLL §195(1) simply require the following: requiring employers to notify employees, at the time of hiring, of the rate of pay and of the regular pay day) See Pavia v Around the Clock Grocery, Inc., 2005 US Dist LEXIS 43229, at *19 (EDNY Nov. 15, 2005, No. 03 CV 6465 (ERK)).  NYLL

§195 has been changed three (3) times since Plaintiff's date of hire in 2008.  The first version enacted in 2009 makes no reference to maintaining employment records for any period of time.  It reads as follows:

**Section 1.**

- Subdivision 1 of section 195 of the **labor law**, as added by chapter 548 of the **laws** of 1966, is amended to read as follows:
- **1.**  notify his OR HER employees, IN WRITING, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article , AND OBTAIN A WRITTEN ACKNOWLEDGEMENT FROM EACH EMPLOYEE OF RECEIPT OF THIS NOTICE. SUCH ACKNOWLEDGEMENT SHALL CONFORM TO ANY REQUIREMENTS ESTABLISHED BY THE COMMISSIONER WITH REGARD TO CONTENT AND FORM. FOR ALL EMPLOYEES WHO ARE ELIGIBLE FOR OVERTIME COMPENSATION AS ESTABLISHED IN THE COMMISSIONER'S MINIMUM WAGE ORDERS OR OTHERWISE PROVIDED BY LAW OR REGULATION, THE NOTICE MUST STATE THE REGULAR HOURLY RATE AND OVERTIME RATE OF PAY ;

**Section 2.**

- This act shall take effect on the ninetieth day after it shall have become a **law** and shall apply to all employees hired on or after such date.  <u>2009 N.Y. ALS 270, 2009 N.Y.</u>

<u>LAWS 270, 2009 N.Y. S.N. 3357, 2009 N.Y. ALS 270, 2009 N.Y. LAWS 270, 2009 N.Y. S.N. 3357</u>. (capitalization from the original)

The Appearing Defendants complied with the law and provided Plaintiff with all documentation needed to comply with the Department of Labor. They wanted to ensure full compliance with the relevant laws and regulations. In 2008, there was no duty for an employer to maintain notice provided pursuant to Labor Law §195(1) for any period of time. Even if there is a requirement, Plaintiff had no duty to maintain the records for longer than six (6) years. The court should determine based on the testimony, that the Appearing Defendants have complied with the law.

**WAGE STATEMENT PROVISION OF THE NYLL**

NYLL §195(3) requires the employer to provide a paystub which identifies eight items including among other things the time period of the wages, rate of pay, gross wages and net wages. The appearing Defendants have complied with NYLL §195(3) since November 2015, when Plaintiff was placed on payroll. At that time, he received a wage statement issued by ADP.

## **CONCLUSIONS**

For all the foregoing reasons the Appearing Defendants request that the Court issue an order:

1. Dismissing Plaintiff's claims in the entirety.


Dated: Bronx, NY
       January 4, 2018

                                                  /s/
                                    Delmas A. Costin, Jr., Esq.
                                    Law Office of Delmas A. Costin, Jr., PC
                                    177 East 161st Street
                                    Bronx, NY 1045
                                    718) 618-0589 (O)
                                    (347) 510-0099 (F)
                                    dacostin@dacostinlaw.com


Sara Isaacson, Esq.
Shawn Clark, Esq.
Michael Faillace & Associates, PC
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200 (O)
(212) 317-1620 (F)
sisaacson@faillacelaw.com
sclark@faillacelaw.com