UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLORENCIO MENDOZA JAVA, individually and on behalf of all others similarly situated,

                Plaintiff,

- against-

EL AGUILA BAR RESTAURANT CORP. d/b/a EL AGUILA, LAS BANDERAS SPORTS BAR CATERING LOUNGE CORP., d/b/a LAS BANDERAS SPORTS BAR, SANTIAGO ALMONTE and JUAN ALMONTE,

                Defendants.

Case No. 16-CV-06691 (AT)(JLC)

**MEMO OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WITNESSES NOT TIMELY DISCLOSED**

The Law Offices of Delmas A. Costin, Jr.,
P.C. Delmas A. Costin, Jr., Esq.
177 E. 161st Street
Bronx, NY 10451
(718) 618-0589 (O)
(347) 510-0099 (F)
dacostin@dacostinlaw.com

*ATTORNEYS FOR El Aguila Restaurant Corp., and Juan Almonte*

## PROCEDURAL FACTS

Defendant Juan Almonte (Defendant Juan or Defendant Almonte) and Defendant El Aguila Bar and Restaurant Corp. (d/b/a El Aguila) (collectively "Appearing Defendants") were served with a summons and complaint sometime after August 24, 2016. During discovery, Appearing Defendants did not provide the names, addresses and telephone numbers of individuals likely to have discoverable information pursuant to Federal Rule of Civil Procedure 26. The parties did not conduct depositions. Defendants provided 176 pages of documents during discovery. Plaintiff did not file a motion to compel any outstanding discovery.

On November 1, 2017 during a pretrial conference, counsel for Appearing Defendants indicated that he planned to call up to 4 witnesses including the ex-girlfriend of plaintiff and Defendant Santiago Almonte.

On January 2, 2018 appearing defendants provided the names of eight (8) potential witnesses at trial. These names were not previously disclosed during discovery. Counsel for Appearing Defendants spoke with Plaintiff's counsel on January 3, 2018 and suggested writing a joint latter to inform the court that day of the problems posed by the late disclosure of witnesses. Counsel for appearing defendants sent a draft letter to plaintiff's counsel which identified the issues surrounding late discovery and requested among other things a telephone conference to discuss the matter with the court. Plaintiff's counsel objected to sending in a joint letter and on Januarys 3, 2018 filed the instant motion in limine. On January 8, 2018 the parties had a conference with the court to discuss of the instant motion in limine.

## ARGUMENT

**Rule 26 and Rule 37 Provide the Court Discretion to Allow Testimony from previously non-disclosed witnesses**

The court should exercise discretion and allow three witnesses to testify at trial: Santiago Almonte, Margarita Carasquillo and Pedro Pichardo. Even though Rule 26 was not complied with, "A party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(1)(A). Rule 37(c)(1) provides that any "party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial … any witness … not so disclosed." Fed. R. Civ. P. 37(c)(1). The Court has discretion to admit or not admit the testimony from the undisclosed witnesses. Discretion exists even where 'the trial court finds that there is no substantial justification and the failure to disclosure is not harmless.'" Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006). "To determine whether evidence should be precluded, a court should consider:

(1) the explanation for the failure to disclose,

(2) the importance of the evidence to be precluded,

(3) prejudice if the evidence were not precluded, and

(4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 107 (2d Cir. 2006). Although the imposition of sanctions pursuant to Rule 37(c) does not require a showing of

bad faith, see Design Strategy, 469 F.3d at 296, a party's bad faith may "be taken into account as part of the party's explanation for its failure to comply." Id.  The application of rule of law will be applied in the sections below.

**Defendant Santiago should be allowed to testify at trial without limitation**

Defendant Santiago is a named defendant in the case. Plaintiff has not taken any steps to obtain a default judgment against Defendant Santiago. A certificate of the fault is not obtained from the court, which can be done independently of filing for a default judgment against defendants. On November 1, 2017 during the pretrial conference, it was determined that proceedings against the non-appearing defendants would be dealt with after the trial of appearing defendants. Defendants in a civil proceeding has a right to testify during a trial.  Additionally, under plaintiff's apparent theory, Defendant Santiago is presumably jointly and severally liable for any damages assessed against appearing defendants. It should be noted that a notice of deposition was not generated by plaintiffs regarding defendant Santiago, even though he was a named defendant and certainly would have had information relevant to the case. Further, no notice of deposition was served regarding Defendant Juan.  The failure to attempt to take the testimony of defendant Santiago can be treated in the same way as the failure to take the deposition of defendants Almonte - they are both strategic and tactical decisions regularly made in the prosecution of the case.

Defendant Santiago should be allowed to testify without any limitations regarding the testimony. This is a trial as to defendant Juan Santiago. The court will determine liability and

damages if any.  It does not make sense to restrict the testimony of a single individual based on damages alone. A ruling would create a difficult rubric under which the testimony would be asserted. Liabilities and damages are both determined by looking at the number of hours worked and the rate of pay.  In wage and hour cases testimony regarding liability and damages are essentially identical.

A basis of objecting to Defendant Santiago is that he failed to appear, and that Plaintiff will move for a default judgment against him.  We do not know how that portion of the litigation will proceed.  For example, a default judgment could be entered against Defendant Santiago for the full amount of damages.  Alternatively, he could appear with counsel and properly vacate a default and litigate this matter.  It is unknown what Defendant Santiago will do.  However, one thing is clear, "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  "The court may conduct hearings or make referrals" when it needs to, among other things, "determine the amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2).  To foreclose Defendant Santiago to a status which he does not hold – that of a party with a default judgment – is not required at this stage.

**The other named Witnesses should be allowed to testify at trial without limitation**

Seven witnesses were listed on the JPTO, who are not witnesses. Appearing Defendants respectfully request that the Court exercise its discretion and allow two nonparty witnesses to testify: Margarita Carasquillo and Pedro Pichardo. Ms. Carasquillo will testify that Plaintiff visited her in her apartment at least three (3) times per week while he was scheduled to work and spent at least two hours per visit. Additionally, Pedro Pichardo was Plaintiff's manager from 2008-2015. If allowed to testify, he will provide information about Plaintiff's schedule and will corroborate that Plaintiff frequently was missing for several hours during the day.

Applying the factors outlined in Patterson, it is clear that the evidence here is very important. The testimony these witnesses will provide go to the heart of the matter – namely the number of hours worked, the 2nd factor.

Not allowing the testimony of the witnesses unduly prejudices Appearing Defendants: the 3rd factor in Patterson. Appearing Defendants do not have records which show the hours worked by Plaintiff as he failed to sign in and out of work. Appearing Defendants can only prove compliance with the law through oral testimony. Failure to allow the witnesses to testify will unduly prejudice Appearing Defendants. Preclusion of testimony will provide the court with an inaccurate view of the relevant facts and may inappropriately cause him to be liable for damages for which he is not responsible.

As to the 4th: factor, a continuance can only be granted by the Court. Appearing Defendants respectfully request that the Court grant a continuance. The prejudice which Appearing Defendants face if a continuance is not granted is substantially greater than the

prejudice Plaintiff will face if a continuance is granted. Allowing for a continuance will provide all parties with an opportunity to determine the relevant facts and evidence in the case and make an informed decision about how to best proceed.

Finally, it is not clear what if any testimony will be presented based in a proceeding against Defendant Santiago. The witnesses identified in this case may very well be witnesses in any litigation against Defendant Santiago. All defendants are charged causes of action from the same facts. It would be unfortunate if the damages, if any, varied significantly due to the preclusion of evidence as to Defendant Juan and the inclusion of the same evidence as to Defendant Santiago.

## CONCLUSION

Plaintiff requests that the Court stay the trial, reopen discovery and allow Plaintiffs to take the depositions of Margarita Carasquillo and Ricardo Pichardo. Appearing Defendants request that Plaintiff bear the costs of conducting the depositions of these two witnesses. On January 8, 2018 counsel for Defendants offered to pay the costs of the depositions of Carasquillo and Pichardo to Plaintiff's counsel. That offer was rejected. Counsel for Appearing Defendants is willing to pay for the costs of the reporter and Spanish language interpreter for this case so that depositions of Ms. Carasquillo and Mr. Pichardo may occur if the court so orders. The Defense of this matter has been inartful and the undersigned has a duty to ensure appearing Defendants are able to present their cases.

Dated: Bronx, NY
       January 9, 2018

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Delmas A. Costin, Jr., Esq.
                                                  *Attorney for Defendants El Aguila*
                                                  *and Juan Almonte*
                                                  177 E. 161st Street
                                                  Bronx, NY 10451
                                                  (718) 618-0589 (O)
                                                  (347) 510-0099 (F)
                                                  dacostin@dacostinlaw.com

TO:    Michael Faillace, Esq.
            Michael Faillace & Associates, P.C.
            60 East 42nd Street, Suite 2540
            New York, NY 10165
            (212) 317-1200